|   |   |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| * * * | |

JESSE ARGELIS FLOR,

    Plaintiff,

  v.

CAL DOWNEY GOODE, et al.,

    Defendants.

Case No. 2:24-cv-00657-BNW

**ORDER**

Presently before the Court is Plaintiff Jesse Flor's Motion to Remand. ECF No. 9. Defendants Cal Downey Goode and Meriton LLC oppose the motion. ECF No. 10. Plaintiff did not file a reply. Defendants' removal was timely under 28 U.S.C. § 1446(b)(3). As a result, the Court denies Plaintiff's motion.

## I. BACKGROUND

The instant action arises from a motor vehicle accident that took place on January 26, 2023. On September 26, 2023, Plaintiff sent a pre-litigation demand to Defendants' insurance carrier for $156,459.00. ECF No. 9-1. In response, on October 10, 2023, Defendants emailed Plaintiff an offer to settle the claim for $150,000.00.

Plaintiff did not accept the offer and filed suit in state court on December 1, 2023. He filed the amended complaint on December 9, 2023, which includes the following prayer for relief:

> WHEREFORE, Plaintiff Jesse Argelis Flor prays for judgment on all claims for relief as follows:
> 1. General damages in excess of $15,000.00.
> 2. Special damages in excess of $15,000.00.
> 3. Lost wages in an amount yet to be determined.
> 4. Costs of suit incurred including reasonable attorneys' fees.
> 5. For such other relief as the Court deems just and proper.

ECF No. 1 at 12.

1    Plaintiff served the amended complaint on Defendant Meriton on January 8, 2024, and
2  Defendant Goode on January 9, 2024. Defendants filed a joint answer on March 4, 2024.

3    On March 5, 2024, Plaintiff filed a request for exemption from arbitration. The request
4  notes that the case involves an amount in excess of $50,000.00 per Plaintiff, exclusive of interest
5  and costs. *Id.* at 18. The request also states that Plaintiff's damages included $156,469.00 in past
6  medical expenses. *Id.* at 19.

7    On March 4, 2024, Defendants filed a petition for removal.

## II. LEGAL STANDARD

When a case is filed in state court, removal is proper if there is a federal question or where, at issue here, there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

There are two pathways to removal, and each one is governed by a thirty-day deadline. 28 U.S.C. § 1446(b); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090 (9th Cir. 2021). The first and most common pathway is where the basis for removal is clear from the complaint or other initial pleading under 28 U.S.C. § 1446(b)(1). *Id.* In those cases, the thirty-day clock begins running after service of the initial complaint only if "the case stated by the initial pleading is removable on its face." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

The second pathway opens under 28 U.S.C. § 1446(b)(3) "if the case stated by the initial pleading is not removable," but the defendant later receives an "amended pleading, motion, order, or other paper" that makes it clear that the case "is or has become removable." *Deitrich*, 14 F.4th at 1090. Furthermore, "other paper" does not include "any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Serv.*, LLC, 629 F.3d 876, 885–86 (9th Cir. 2010). If the notice of removal was untimely, a plaintiff may move to remand the case back to state court. 28 U.S.C. § 1447(c).

### III. PARTIES' ARGUMENTS

Plaintiff argues removal is untimely under 28 U.S.C. § 1446(b)(1) as it was filed 86 days after the service of the amended complaint. He explains that by the time Defendants were served with the amended complaint they had already received a demand letter for $156,469.00. Indeed, Defendants themselves offered $150,000.00 shortly after Plaintiff's demand. Given Defendants waited more than 30 days from the date of service of the amended complaint, the removal is untimely according to Plaintiff.

In addition, Plaintiff argues Defendants cannot rely on 28 U.S.C. § 1446(b)(3) and claim the clock only started running once the request for exemption was filed on March 4, 2024. This is because Defendants could ascertain that Plaintiff's claim exceeded $75,000.00 through the exchange of the demand and offer, which was well before Plaintiff filed his request for exemption.

Defendants agree that the removal was filed more than 30 days after they were served with the amended complaint. But they explain that the amended complaint stated only that the amount in controversy was greater than $15,000.00. Defendants argue the Court should ignore the demand letter and offer for purposes of 28 U.S.C. 1446(b)(1) as that would require the court to look beyond the four corners of the amended complaint. According to Defendants, the first time they received "an amended pleading, motion, order or other paper" from which it could first ascertain that the amount of the claim exceeded $75,000.00 was when Plaintiff filed his request for exemption on March 5, 2024. They do not address why the demand letter/offer was insufficient to ascertain removability under 28 U.S.C. § 1446(b)(3) but argue, nonetheless, that removal is timely under that provision.

### IV. ANALYSIS

Plaintiff argues the first pathway under 28 U.S.C. § 1446(b)(1) applies because the combination of the initial pleading and the demand/offer made it clear that the case was removable. But the clock under that section is triggered only if the face of the initial pleading makes it clear that the case is removable. In limiting the inquiry to the "four corners of the applicable pleadings," the Ninth Circuit expressly precluded both an examination of a defendant's

"subjective knowledge" at the time of removal and the imposition of a duty on the defendant to "make further inquiry" of jurisdictional facts to which it might have access. *See Harris*, 425 F.3d at 692. The four corners of the amended complaint hardly satisfies the amount in controversy for removal in this case.[1] Thus, the removal clock was not triggered with the service of the amended complaint under 28 U.S.C. § 1446(b)(1).

Instead, the question the Court must answer is at what point the removal clock began under the second pathway. That is, at what point could the Defendants first ascertain that grounds for removal existed from "an amended pleading, motion, order, or other paper." 28 U.S.C. § 1446(b)(3). As Plaintiff argues, a demand letter can qualify as "other paper" within the meaning of section 1446(b)(3). *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141–42 (9th Cir. 2013). Nevertheless, the Ninth Circuit explained in *Kuxhausen* that such demand letter cannot precede the initial pleading. *Id.*; *see also Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010) (holding that "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."). Here, the demand (and the offer) was exchanged prior to the filing of the initial pleading. Thus, the clock under 28 U.S.C. § 1446(b)(3) was not triggered. Furthermore, the Ninth Circuit has rejected the argument "that a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods." *Id.*

---

[1] Plaintiff cites to *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013), and other cases for the proposition that Defendants cannot ignore the demand letter putting them on notice that the amount in controversy exceeded $75,000. But Roth simply stands for the proposition that if an initial pleading or "an amended pleading, motion, order or other paper" does not reveal that the case is removable, the 30–day period never starts to run, and that the defendant may remove at any time. *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). But neither *Roth* nor the other cases Plaintiff relies on undermine the holding in *Harris* that the removability clock under (b)(1) is triggered only if the four corners of the initial pleading make clear that the case is removable. *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018).

As a result, for purposes of removal, Defendants could first ascertain the case was removable when Plaintiff filed the request for exemption on March 5, 2024. Accordingly, Defendants' removal on April 4, 2024, was timely.

## V.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (ECF No. 9) is DENIED.

**IT IS FURTHER ORDERED** that the hearing set for June 25, 2024, is VACATED.

DATED this 13th day of June 2024.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE