```
TIMOTHY F. HUNTER, ESQ.
Nevada Bar No. 010622
RAY LEGO & ASSOCIATES
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV  89113
Tel:    (702) 479-4350
Fax:   (702) 270-4602
tfhunter@travelers.com

Attorney for Defendants,
CAL DOWNEY GOODE
MERITON LLC
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JESSE ARGELIS FLOR, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CAL DOWNEY GOODE, individually; MERITON, LLC; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | CASE NO.: 2:24-cv-00657-BNW<br><br>**JOINT MOTION TO EXTEND DISCOVERY DATES**<br>**[First Request]** |

Pursuant to LR 26-3 and LR6-1, Jesse Argelis Flor, and Defendants, Cal Downey Goode and Meriton, LLC., through the respective attorneys of record, hereby jointly move for an extension of the discovery deadlines set forth in the *Stipulated Discovery Plan and Scheduling Order*. ECF No. 14.

This Motion is made pursuant to Fed. R. Civ. P. 26, LR 26-3, and LR 6-1, and is based on the following memorandum of points and authorities, the pleadings and papers on file herein, argument taken at the hearing of this matter, if any, and such other matters as the Court deems appropriate to consider.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The parties have cooperated and collaborated in the discovery process in this matter. The parties are actively engaged in initial written discovery. The parties, through their counsel, have communicated among themselves effectively and conducted discovery efficiently. However, the parties agree that additional time is necessary for the parties to obtain documentation from past and present medical providers, retention of experts, and preparation of expert reports. Therefore, the parties request a sixty (60) day extension of the discovery deadlines.

This is the first request for an extension of any discovery deadline by any of the parties and is supported by good cause. Further, this request is made no later than 21 days prior to the expiration of the relevant deadlines set forth in the *Stipulated Discovery Plan and Scheduling Order* and is timely made.

### II.    PERTINENT PROCEDURAL HISTORY

Plaintiff filed his Complaint in the Eighth Judicial District Court for the State of Nevada, in and for Clark County, on December 1, 2023. Plaintiff filed his Amended Complaint in the Eighth Judicial District Court on February 19, 2024. Defendants filed their Notice of Removal on April 4, 2024. Plaintiff filed a Motion to Remand on April 25, 2024. Defendants filed an Opposition to the Motion to Remand on May 9, 2024. Order denying the Motion to Remand was filed on June 14, 2024. The parties filed a Stipulated Discovery Plan and Scheduling Order on June 14, 2024. The deadline to amend pleadings or add parties has expired, and the parties do not seek to extend this deadline. The discovery cut-off date is December 8, 2024. The parties' initial expert disclosures are to be served by October 9, 2024. Rebuttal expert disclosures are to be served by November 8, 2024. Dispositive motions shall be filed by January 7, 2025. The joint pretrial order shall be filed by February 6, 2025.

/ / /

### III. STATEMENT OF SALIENT FACTS

The parties are actively engaged in obtaining necessary documentation, written discovery, and will shortly begin identifying subjects for depositions and retention of experts. Plaintiff served Defendants with written discovery on Defendants served Plaintiff with written discovery on June 24, 2024. Defendants served Plaintiff with written discovery on August 13, 2024. The start of discovery was delayed as Plaintiff sought to have the case remanded back to State Court.

Unfortunately, there have been delays with obtaining the records and diagnostic studies. Following the receipt of those records, Defendants will be able to have a medical evaluation completed of the pertinent records. Defendants also require the records prior to conducting the deposition of the Plaintiff. That will allow Defendant the appropriate background information to properly address with Plaintiff during the deposition. For those reasons, the parties request a 60-day extension to the discovery cut-off, initial expert disclosure, rebuttal expert disclosure, and filing of the joint pretrial order.

### IV. LEGAL AUTHORITY

Fed. R. Civ. P. 26(f) requires parties to confer and develop a discovery plan. The parties hereto have done so and developed an initial schedule setting forth stipulated discovery deadlines.

LR 26-3 addresses requests for extensions of discovery deadlines and provides, in pertinent part:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received no later than 21 days before the expiration of the subject deadline…A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
>
> (b) A specific description of the discover that remains to be completed;

3

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for the completing all remaining discovery.

LR IA 6-1, referenced in LR 26-3, further requires:

A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted…A request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect.  Immediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension, i.e.:

**STIPULATION TO EXTEND TIME TO FILE MOTIONS**
**(First Request)**

**V.     DISCUSSION**

Neither of the parties have been granted any previous extension of any discovery deadline.  Pursuant to Fed. R. Civ. P. 26, the parties agreed to the following discovery deadlines in the *Stipulated Discovery Plan and Scheduling Order* (ECF. No. 14):

a. Discovery Cut-Off:            December 8, 2024

b. Amend Pleadings/Add Parties:       September 9, 2024

c. FRCP 26(a)(2) Expert Disclosures:    October 9, 2024

d. Rebuttal Expert Disclosures:       November 8, 2024

e. Dispositive Motions:           January 7, 2025

f. Joint Pretrial Order:           February 6, 2025

The parties do not request that the deadline that has expired to be extended.  This Motion is filed no later than 21 days prior to the unexpired deadlines, and is therefore timely made pursuant to LR 26-3, and is appropriately titled pursuant to LR IA 6-1.  As established below, good cause exists for the requested extension.

/ / /

4

1. *A statement specifying discovery completed.*

To date, Defendants have served Plaintiff with written discovery consisting of detailed interrogatories and requests for production of documents. Plaintiff has until September 26, 2024 to respond. Plaintiff has not yet provided Defendants with the required HIPPA authorization to allow Defendants to obtain Plaintiffs medical records independently but is in the process of doing so. Plaintiff has also served Defendants with written discovery. Defendants have prepared the responses and will serve upon receipt of verification of the interrogatory responses.

2. *A specific description of the discovery that remains to be completed.*

The parties are in the process of gathering all of Plaintiff's medical records from the subject accident including the actual diagnostic studies for the treatment Plaintiff received. The parties have been attempting to obtain this documentation. Defendants have requested and Plaintiff is in the process of providing Defendants with the necessary authorization(s). The parties need these records to know the scope of Plaintiff's treatment that are related to the subject accident. Furthermore, Defendants need this information to conduct the deposition of the Plaintiff, and for Defendants medical experts to have a complete medical picture of Plaintiff. Depositions and experts cannot be adequately completed until the parties obtain this information.

3. *The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan.*

The time limits set by the discovery plan have not run. This Motion is made proactively to reassess and evaluate the discovery deadlines based on developments in the discovery process. The parties cannot adequately move forward with additional discovery until diagnostic studies pertaining to the subject accident can be obtained.

4. *A proposed schedule for completing all remaining discovery.*

The moving parties propose an extension of the following deadlines by sixty (60) days. Deadlines for which the parties do not request an extension are stricken below. The proposed

extension will result in the following revised deadlines:

    a.  Discovery Cut-Off:                              February 7, 2025

    b.  ~~Amend Pleadings/Add Parties:~~        ~~September 9, 2024~~

    c.  FRCP 26(a)(2) Expert Disclosures:     December 6, 2024

    d.  Rebuttal Expert Disclosures:           January 7, 2025

    e.  Dispositive Motions:                     March 7, 2025

    f.  Joint Pretrial Order:                    April 7, 2025

## VI.   CONCLUSION

Good cause exits to modify and extend the discovery deadlines set forth in the Stipulated Discovery Plan and Scheduling Order. Therefore, Plaintiff, Jesse Argelis Flor, and Defendants, Cal Goode and Meriton, LLC, request that the Court grant the requested extension of the discovery cut-off date, initial expert disclosure, rebuttal expert disclosure, dispositive motions, and the joint pretrial order.

DATED this 10th day of September, 2024.

RAY LEGO & ASSOCIATES

*/s/ Timothy F. Hunter*
TIMOTHY F. HUNTER, ESQ.
Nevada Bar No. 10622
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV 89113
Attorney for Defendants, **CAL DOWNEY GOODE, MERITON LLC**

DATED this 10th day of September, 2024.

DIMOPOULOS LAW FIRM

*/s/ Garnet Beal*
GARNET BEAL, ESQ.
Nevada Bar No. 12693
6671 S. Las Vegas Blvd, #275
Las Vegas, NV 89119
Attorney for Plaintiff, **JESSE ARGELIS FLOR**

**IT IS SO ORDERED**

**DATED:** 4:55 pm, September 11, 2024

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

Ray Lego & Associates
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, Nevada 89113
Telephone No. (702) 479-4350
Facsimile No. (702) 270-4602

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I hereby certify that I am an employee of RAY LEGO & ASSOCIATES and that on the 10th day of September, 2024 I caused the foregoing **JOINT MOTION TO EXTEND DISCOVERY DATES (FIRST REQUEST)** to be served as follows:

__X__ pursuant to N.E.F.C.R. 9 by serving it via electronic service.

____ by placing a true and correct copy in the United States mail, at Las Vegas, Nevada, first class, postage fully prepaid.

Garnet E. Beal, Esq., NSB #12693
DIMOPOULOS INJURY LAW
6671 S. Las Vegas Blvd, #275
Las Vegas, NV 89119
gb@stevedimopoulos.com
P: 702/800-6000
F: 702/224-2114
Attorney for Plaintiff, **JESSE ARGELIS FLOR**

_____/s/ Nancy L. Berry_____
An employee of RAY LEGO & ASSOCIATES

7